UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOSHUA PAUL GALLOWAY** | **DOCKET NO. 6:24-cv-01629** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MARK GARBER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Joshua Paul Galloway, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff makes an allegation of excessive force by two unknown Lafayette police officers. Doc. 1, p. 3. He is currently in the custody of the Louisiana Department of Corrections, incarcerated at the Lafayette Parish Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I. **BACKGROUND**

Plaintiff alleges that on or about August 2, 2024, at the Circle K at the intersection of Johnston St. and Camellia Blvd. in Lafayette, Louisiana, two Lafayette Police Officers attacked him, falsely claiming that he was resisting arrest. Doc. 1, p. 3. One deputy allegedly grabbed him by the neck and slammed him to the ground while the other "let cop dog bite [him] on [his] leg." *Id.*

Plaintiff seeks compensation for "medical bills, pain and suffering, mental health evaluations, physical therapy, etc." and asks that the Court terminate the deputies from the Lafayette PD. *Id*. at p. 4.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Galloway has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

## C. *Improper Parties*

### a. *Supervisory Official*

Plaintiff has sued Sheriff Mark Garber in his supervisory capacity as the Sheriff of Lafayette Parish. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims*.*" *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*,

464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name Sheriff Garber as a defendant, he must allege facts sufficient to demonstrate either personal involvement in this incident or the implementation of unconstitutional policies by Sheriff Garber related to this incident.

### b. *Lafayette Police Department*

Plaintiff has named the Lafayette Police Department as a defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Lafayette Police Department has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

A police department is not a political entity capable of being sued. *Martin v. Davis*, 2007 U.S. Dist. LEXIS 16975, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."). This Court has specifically recognized that the Lafayette Police Department is not a juridical person capable of being sued. *Thibodeaux v. Lafayette City Police Dep't,* 2013 U.S. Dist. LEXIS 168403, 2013 WL 6194898 (W.D. La. 2013). Accordingly, plaintiff's claims against this non-juridical entity should be dismissed.

### D. *Excessive Force Claim*

Finally, plaintiff should amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. He should state whether any criminal charges related to the incident in question

were filed, and if so, the status of those charges.  If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence);  and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in chambers this 24th day of January, 2025.

**CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE**